Louis Pechman
Washcarina Martinez Alonzo
Pechman Law Group PLLC
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
martinez@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
MIGUEL CASTILLO,

                Plaintiff,

      -against-                              **COMPLAINT**

M & M PIZZA CORP. d/b/a 10TH AVENUE
PIZZA & CAFE and MOHAMED NASSAR,

                Defendants.
------------------------------------------------------------------- X

        Plaintiff Miguel Castillo ("plaintiff" or "Castillo"), by his attorneys Pechman Law Group PLLC, complaining of defendants M & M Pizza Corp. d/b/a 10th Avenue Pizza and Cafe ("10th Avenue Pizza") and Mohamed Nassar ("Nassar"), alleges:

## NATURE OF THE ACTION

    1.    This action is brought to recover unpaid overtime compensation, spread-of-hours pay, and statutory penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

    2.    Plaintiff, a former cook at 10th Avenue Pizza, was consistently required by defendants to work in excess of forty hours per workweek and was paid a flat weekly salary, regardless of the number of hours he actually worked.

    3.    As a result, plaintiff was denied overtime compensation for the hours he worked in excess of forty per workweek.

4. Plaintiff was denied spread-of-hours pay when the length of his workday was longer than ten hours.

5. Additionally, defendants failed to furnish plaintiff with annual wage notices and accurate wage statements. In fact, throughout his employment defendants paid plaintiff in cash on a weekly basis, without providing any form of wage statement.

6. Plaintiff seeks compensation for unpaid overtime compensation, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

7. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as 10th Avenue Pizza is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

9. Plaintiff Miguel Castillo resides in Queens, New York.

10. Defendants employed Castillo as a kitchen helper at 10th Avenue Pizza from May 2007 through December 19, 2015.

**Defendants**

11. Defendant M & M Pizza Corp. has owned and/or operated 10th Avenue Pizza located at 256 10th Avenue, New York, New York 10001.

12. M & M Pizza Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. M & M Pizza Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. M & M Pizza Corp. has an annual gross volume of sales projected to be in excess of $500,000.

15. Defendant Nassar is an owner and Chief Executive Officer ("CEO") of 10th Avenue Pizza.

16. Nassar exercises sufficient control over 10th Avenue Pizza's operations to be considered plaintiff's employer under the FLSA and NYLL.

17. At all relevant times, Nassar has had power over personnel decisions at 10th Avenue Pizza, including the power to discipline employees, hire and fire employees, set their wages, set employee schedules, and otherwise control the terms and conditions of their employment.

18. Nassar directly supervised and hired Castillo. Nassar also set Castillo's work schedule and handed Castillo his pay on a weekly basis.

### PLAINTIFF'S FACTUAL ALLEGATIONS

19. From in or about May 2007 through January 2013, Castillo regularly worked from 6:00 a.m. to 4:00 p.m. Monday through Friday, and from 7:00 a.m. to 9:00 p.m. on Saturday, totaling approximately sixty-four hours per week.

20. From in or about February 2013 through December 19, 2015, Castillo regularly worked from 6:00 a.m. to 4:00 p.m. Monday through Friday, and from 9:00 a.m. to 9:00 p.m. on Saturday, totaling approximately sixty-two hours per week.

21. Castillo did not receive uninterrupted breaks lasting longer than twenty minutes per day.

22. From in or about 2009 through August 2012, Castillo was paid $375 per week for all hours worked, including hours over forty per week.

23. From in or about September 2012 through September 2014, Castillo was paid $400 per week for all hours worked, including hours over forty per week.

24. From in or about October 2014 through February 2015, Castillo was paid $550 per week for all hours worked, including hours over forty per week.

25. From in or about March 2015 through December 17, 2015, Castillo was paid $675 per week for all hours worked, including hours over forty per week.

26. Defendants did not compensate Castillo with overtime compensation required by the FLSA and the NYLL for all the hours he worked in excess of forty per workweek.

27. Defendants failed to furnish Castillo with annual wage notices as required by the NYLL.

28. Defendants failed to furnish Castillo with wage statements as required by the NYLL.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

29. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

30. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages for all of the hours he worked in excess of forty in a workweek.

31. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiff's compensation.

32. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

33. Due to defendants' willful violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

34. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

35. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

36. Defendants have failed to pay plaintiff the overtime wages to which he is entitled to under the NYLL.

37. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

38. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

39. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

40. Defendants did not pay plaintiff the required spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

41. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten hours.

42. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

43. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

44. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

45. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

46. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

47. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement accurately listing: the regular rate, overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. In violation of NYLL § 191, defendants failed to furnish to plaintiff at the time of hiring, whenever there was a change to plaintiff's rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

49. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

50. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per work day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

51. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

c. declaring that defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that defendants' violations of the FLSA and NYLL were willful;

e. awarding plaintiff unpaid overtime wages, and spread-of-hours compensation;

f. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

g. awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

      h.    awarding plaintiff pre- and post-judgment interest under the NYLL;

      i.    awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      j.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 2, 2016

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman
    Washcarina Martinez Alonzo
    488 Madison Avenue, 11th Floor
    New York, New York 10022
    (212) 583-9500
    pechman@pechmanlaw.com
    martinez@pechmanlaw.com
    *Attorneys for Plaintiff*